UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN M. RAMIREZ,

    Plaintiff,

v.                                                    Case No. 8:24-cv-2468-TPB-AEP

GENERAL MOTORS, LLC,

    Defendant.
_____/

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant "General Motors LLC's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 62), filed on September 3, 2025, and on Plaintiff Helen M. Ramirez's "Motion for Summary Judgment on Liability" (Doc. 74), filed on October 1, 2025. The parties filed responses in opposition. (Docs. 63; 83). Defendant General Motors LLC filed a reply. (Doc. 67). After reviewing the motions, responses, reply, court file, and record, the Court finds as follows:

**Background**

This case arises from a car accident. On April 3, 2021, Plaintiff Helen M. Ramirez was a passenger in her 2021 Cadillac CT5, which she leased from her long-time GM-authorized Cadillac dealership while her friend drove the vehicle. As the Cadillac entered an intersection, a truck ran a red light and ran into the driver's side doors. According to Plaintiff, the airbag on the front passenger side window

"exploded violently knocking [Plaintiff] into the center console" and rendering her unconscious. After police and emergency medical services arrived, Plaintiff was transported to the emergency room at St. Joseph's Hospital. After a long hospital stay, she was transferred to a rehabilitation facility where she remained until being discharged home on June 27, 2021. Plaintiff, who is in her mid 90's, remains bedridden and unable to take care of herself. Her two-count complaint seeks recovery for strict liability and negligence, arguing that the 2021 Cadillac CT5 was defective due to the side airbags.

The case was originally filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, but it was removed to this Court on October 23, 2024. (Doc. 1). Both Plaintiff and Defendant now seek summary judgment.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id*.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the

nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id*. "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

## Analysis

Plaintiff seeks summary judgment on the issue of liability, arguing that her leased Cadillac CT5 had both defective passenger window side airbags and defective brakes.[1]  Defendant seeks summary judgment, arguing that Plaintiff is unable to

---

[1] The Court notes that the claim involving defective brakes was not pleaded in the amended complaint. *See* (Doc. 13). Rather, after the close of discovery, and after Defendant filed a summary judgment motion, Plaintiff sought to inject a new theory into the case (the brakes)

prove either a defective product or causation due to her failure to retain an expert witness in this product defect case.

This is not a case where the defect is patent. Both counts of the amended complaint therefore require expert evidence. *See Worsham v. A.H. Robins Co.*, 734 F.2d 676, 687 n.8 (11th Cir. 1984) (explaining that expert testimony is often required to establish defective design of a product); *Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) ("Under [a negligence or strict liability] theory, Plaintiff would be required to provide expert testimony that the product was defective and evidence that the product caused the injury of which she complains."). Because Florida law requires that a "product defect be proven by expert testimony[,]" courts frequently grant summary judgment against a plaintiff who offers none. *See Savage v. Danek Med., Inc.*, 31 F. Supp. 2d 980, 983-85 (M.D. Fla. 1999), *aff'd*, 202 F.3d 288 (11th Cir. 1999) ("A defect must be proven by expert testimony."); *Alexander v. Danek Med. Inc.*, 37 F. Supp. 2d 1346, 1349-50 (M.D. Fla. 1999) ("To prove a defective product, a defect must be proven by expert testimony."); *Humphreys v. Gen. Motors Corp.*, 839 F. Supp. 822, 826 (N.D. Fla. 1993), *aff'd*, 47 F.3d 430 (11th Cir. 1984) (granting summary judgment partly based on the plaintiff's failure to retain expert to testify as to the alleged product defect).

---

for the first time in her response in opposition to Defendant's motion for summary judgment. (Doc. 63). The Court declines to allow a new theory of recovery at this very late stage of this litigation. It is not proper to combine a response in opposition with a motion seeking affirmative relief. Moreover, even if the request were properly filed and before the Court, Plaintiff fails to show good cause for amending the complaint at such a late stage of the proceedings, and permitting amendment now would severely prejudice Defendant.

In this case, Plaintiff failed to timely disclose any experts or otherwise comply with the requirements of Federal Rule of Civil Procedure 26 and the Court's Case Management and Scheduling Order. Although Plaintiff later attempted to disclose an expert witness *after* the filing of Defendant's summary judgment motion, the Court struck that expert upon the report and recommendation of the Honorable Anthony E. Porcelli, United States Magistrate Judge. *See* (Docs. 96; 109).

Because the Court has stricken Plaintiff's untimely notice of expert, Plaintiff therefore has no expert to establish either a defective product (based on the design, manufacture, construction, or assembly of the roof rail side airbags) or causation – this is an analysis beyond the capacity of laypersons and requires the testimony of an expert. Consequently, Plaintiff cannot prevail on Counts I or II. As such, Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff Helen M. Ramirez's "Motion for Summary Judgment on Liability" (Doc. 74) is **DENIED**.

(2) Defendant "General Motors LLC's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 62) is **GRANTED**.

(3) The Clerk is directed to enter judgment in favor of Defendant General Motors LLC, and against Plaintiff Helen M. Ramirez, on Counts I and II of the amended complaint (Doc. 13).

(4) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE